# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN GARY TRITCH,<br><br>    Defendant. | Case No. 2:08-cr-00247-LDG (GWF)<br><br>**ORDER** |

    The defendant, John Gary Tritch, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 (#29). The government has filed a response (#31).

    The defendant pled guilty to committing a bank robbery in violation of 18 U.S.C. §2113(a). At sentencing, the Court found that the defendant had two prior convictions for bank robbery in violation of 18 U.S.C. §2113(a). The Court determined that the instant offense and the two prior offenses were crimes of violence as defined in U.S.S.G. §4B1.2, and concluded that the defendant was a career offender pursuant to §4B1.1(a). Relying upon this conclusion, the Court determined the defendant's criminal history category and offense level pursuant to §4B1.1(b), and concluded that the advisory guideline range applicable to the defendant was 151 - 188 months. The Court sentenced the defendant to the low-end of this advisory range.

Subsequent to defendant's sentencing, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [ACCA, 18 U.S.C. §924(e)(2)(B)] violates the Constitution's guarantee of due process." *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563, 192 L. Ed. 2d 569 (2015). The Supreme Court subsequently held, in the context of a collateral challenge to a sentence imposed under the ACCA, that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1268, 194 L. Ed. 2d 387 (2016).

The defendant notes that the residual clause of §4B1.2 is identical to the residual clause of §924(e)(2)(B). He argues that the Court should retroactively apply, in this collateral challenge to his sentence, the holding of *Johnson* to U.S.S.G. §4B1.2(a)(2)'s residual clause, find that the residual clause is unconstitutionally vague, and vacate his sentence because it was imposed pursuant to that clause. The defendant suggests that, absent this Court's calculation of his advisory guideline range under §4B1.1, his advisory guideline range would have been 57 - 71 months. He asks that the Court vacate his sentence and re-sentence him without application of §4B1.1.

In opposition, the government argues that extending the holding of *Johnson* to the residual clause of §4B1.2(a) would be a new, but non-watershed, rule of criminal procedure, and as such cannot be retroactively applied to cases on collateral review.[1]

The Supreme Court has recently granted certiorari in a case raising the issue whether *Johnson* applies retroactively to §4B1.2(a)(2)'s residual clause. *See Beckles v. United States,* No. 15–8544, ___ U.S. ___, ___ S.Ct. ___, ___ L.Ed.2d ___, 2016 WL 1029080 (U.S. Jun. 27, 2016). As noted in *Blow v. United States*, ___ F.3d ___, 2016 WL

---

[1] The government concedes that, in the context of a sentence imposed under ACCA, *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review.

2

3769712 (2nd Cir. July 14, 2016), "there is substantial disagreement" among the circuits whether *Johnson* applies retroactively to the Sentencing Guidelines.  As the defendant's §2255 motion requires a determination that *Johnson* applies retroactively to the Guidelines, this Court will hold the defendant's motion in abeyance pending the outcome of *Beckles.* Therefore,

THE COURT **ORDERS** that John Gary Tritch's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. §2255 (#29) is held in ABEYANCE pending the decision of the United States Supreme Court in *Beckles v. United States,* No. 15–8544.

DATED this ____ day of July, 2016.

_____
Lloyd D. George
United States District Judge

3